UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD THOMAS, | ) | 1:05-CV-01236 AWI LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITIONER'S MOTION FOR |
| v. | ) | STAY AND PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| JEANNE WOODFORD, | ) | [Docs. 1, 13] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 29, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. Respondent was directed to file a response on November 10, 2005. On April 3, 2006, Respondent filed an answer to the petition. In her answer, Respondent claimed that part of Ground Three and all of Ground Four were unexhausted, in that Petitioner had not presented the federal basis of these claims to the California Supreme Court. Petitioner did not file a traverse to the answer; rather, on April 28, 2006, Petitioner filed a motion to stay the proceedings to allow him to return to the state courts to exhaust the claims.

## DISCUSSION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

>Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>   In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Respondent asserts that Petitioner has not exhausted part of Ground Three and all of Ground Four. In Ground Three, Petitioner claims the trial court erroneously failed to instruct the jury that witness Franklin was an accomplice as a matter of law. Petitioner further claims that trial counsel was ineffective in agreeing to the court's instruction. Respondent correctly notes that these same claims were raised in Ground One and are therefore duplicative. Petitioner also argues that counsel was ineffective in failing to object to certain unspecified evidence "on grounds of undue prejudice, irrelevant testimony, hearsay, or impermissible opinion evidence" and in failing to raise "additional objections and omitting [a] lesser included offense." See Petition at 21. These claims were not presented to the California Supreme Court and are therefore unexhausted.

In any case, the claim does not present a cognizable ground for relief. Petitioner merely states his contentions with no additional description or supporting facts. He does not specify the evidence counsel should have objected to, the lesser included offense, the reasons counsel should have raised the afore-mentioned objections, and how the alleged errors prejudiced Petitioner. It is not the duty of federal courts to try to second guess the meanings of statements and intentions of petitioners. Rather, the duty is upon the individual who asserts a denial of his constitutional rights to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter. The claim is completely conclusory and unsupported by any evidence.  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no

reference to the record or any document do not merit habeas relief); <u>Allard v. Nelson</u>, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); <u>Campbell v. Wood</u> 18 F.3d 662, 679 (9th Cir.1994), *citing* <u>Boehme v. Maxwell</u>, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics."").

In Ground Four, Petitioner claims he was improperly given a mid-term sentence on a firearm enhancement to Count IV. As above, Petitioner has not presented this claim to the California Supreme Court. Therefore, it is unexhausted. In any case, as argued by Respondent is it completely without merit. Petitioner was sentenced as follows: 15 years to life with possibility of parole on Count I (Murder) plus 25 years to life for a firearm enhancement; 6 years on Count III (Burglary); 1 year on Count IV (Intimidation of witness); 6 years on Count V (Burglary); and 3 years on Count VIII (Unlawful driving or taking of vehicle). <u>See</u> Lodged Document No. 1 at 817, 820-21. Petitioner did not receive a firearm enhancement on Count IV as Petitioner claims.

Therefore, Grounds Three and Four, as discussed above, are unexhausted and should be dismissed from the petition. <u>See</u> 28 U.S.C. § 2254(b)(1). Petitioner's motion for stay should also be denied. Although a district court has discretion to stay a petition which it may validly consider on the merits, (see <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997)), the Supreme Court has held that "the district court would abuse its discretion if it were to grant him a stay when [a petitioner's] unexhausted claims are plainly meritless." <u>Rhines</u>, 125 S.Ct. at 1535. Because the grounds do not raise a cognizable federal ground claim for relief and are completely meritless, the dismissal should be with prejudice.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Grounds Three and Four be DISMISSED WITH PREJUDICE from the petition. The Court further RECOMMENDS that Petitioner's motion for stay be DENIED.

1       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
2 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
3 of the Local Rules of Practice for the United States District Court, Eastern District of California.
4 Within thirty (30) days after being served with a copy, any party may file written objections with the
5 court and serve a copy on all parties.  Such a document should be captioned "Objections to
6 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
7 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
8 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
9 parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 IT IS SO ORDERED.
12 **Dated:   May 24, 2006**                      **/s/ Lawrence J. O'Neill**
   b9ed48                                              UNITED STATES MAGISTRATE JUDGE